UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

2008 JAN 10 A 11:02

U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

JAMES MULLINS, #482360,

    Plaintiff,

v.

CASE NO. 2:08-CV-10080
HONORABLE ARTHUR J. TARNOW

GEORGE PRAMSTALLER, et al.,

    Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

This is a prisoner civil rights case under 42 U.S.C. § 1983. The plaintiff, James Mullins, is a Michigan prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. In his complaint, Mr. Mullins asserts that he was denied prompt and proper medical treatment in violation of his constitutional rights while confined at the E.C. Brooks Correctional Facility in Muskegon Heights, Michigan. The named defendants are George Pramstaller, identified as the Director of Health Care for the Michigan Department of Corrections; Craig Hutchinson, identified as the Director of Correctional Medical Services; Dr. Abdellatif, identified as a treating physician at the Brooks Correctional Facility; and Shawn Griffin, identified as a treating nurse at the Brooks Correctional Facility.

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a

1

substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice.

Having reviewed the complaint, the Court finds that the United States District Court for the Western District of Michigan is a more appropriate forum for this action. Defendants Pramstaller and Hutchinson reside in Ingham County and defendants Abdellatif and Griffin rise in Muskegon County for purposes of the present complaint. Additionally, the events giving rise to the complaint occurred in Muskegon County. Both Ingham County and Muskegon County lie in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. *See* 28 U.S.C. §§ 1391(b) and 1404(a).

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 9, 2008